**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA – TAMPA DIVISION**

8:25-cv-01803-KKM-LSG

DAVID A. FREEMAN,

Sole Surviving Shareholder and Fiduciary Custodian of Boston Jeepz Inc.,

Plaintiff,

v.

TARA FREEMAN,

Defendant.

JUL 14 2025 PM2:14
FILED - USDC - FLMD - TPA

Civil Action No. _____

## VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

(42 U.S.C. § 1983; Fed. R. Civ. P. 65; Constructive Trust; Conversion; Misappropriation; Declaratory Judgment; IP Recovery; IRS Fiduciary Control; Equitable Estoppel; Predicate Communications)

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. Supplemental jurisdiction exists under 28 U.S.C. § 1367.

2. Plaintiff brings claims under 42 U.S.C. § 1983 and seeks equitable relief under Fed. R. Civ. P. 65 and 28 U.S.C. § 2201.

3. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b), as Plaintiff is domiciled in Seminole, Florida, and the deprivation of corporate property impairs his ability to resume operations from this District.

4. Plaintiff has continuously resided at 9961 Indian Key Trail, Seminole, Florida since on or about October 25, 2024, and has not returned to Massachusetts since before that date.

### II. PARTIES

5. Plaintiff David A. Freeman is the founder, chief engineer, and sole surviving shareholder of Boston Jeepz Inc., a commercially collapsed Massachusetts corporation now under de facto dissolution.

6. Plaintiff retains lawful fiduciary authority to recover corporate assets, dispose of intellectual property, and assert standing under IRS and federal beneficiary doctrines.

7. Defendant Tara Freeman is the Plaintiff's former spouse and a former participant in Boston Jeepz Inc., who, on or about October 18, 2024, relinquished all corporate interest but unlawfully retained vehicles and other assets owned by Boston Jeepz Inc.



## III. STATEMENT OF FACTS

8. Boston Jeepz Inc. operated from 386B Arsenal Street, Watertown, MA, for nearly two decades, specializing in the design and integration of demonstrator Jeep platforms under the Boston Jeepsync brand.

9. The company maintained a fleet including two demonstrator vehicles: (1) a 2016 Jeep Wrangler JK (Blue), VIN: 1C4BJWDG6GL241277; and (2) a 2021 Jeep Wrangler Rubicon JLU (Red), VIN: 1C4HJXFGXMW518410.

10. These vehicles were titled in Defendant's name solely for insurance and logistical purposes. All beneficial ownership, upgrades, control, and branding were retained by Boston Jeepz Inc. and reported in tax filings prepared by Weiner and Rice, CPAs.

11. Demonstrator upgrades included proprietary diagnostics, embedded telemetry, axle gearing, suspension kits, lighting systems, and high-performance integration valued over $60,000.

12. The Red Rubicon was purchased in 2022 for $61,990 and financed at $990/month. Defendant's total contributions toward the loan did not exceed $7,600 based on employment and bank records.

13. Plaintiff ceased operations and moved to Florida in late October 2024 due to personal disability and economic collapse of the business. On November 25, 2024, Plaintiff issued formal notice to Cameron Freeman demanding return of all assets, including the vehicles.

14. On December 2, 2024, Zachary Hurley impersonated Plaintiff using identity fraud and unlawfully removed the demonstrator vehicles and proprietary tooling from the Watertown facility, with Defendant's aid.

15. Defendant later stored the vehicles, concealed their whereabouts, and asserted control in violation of her prior disclaimers, fiduciary obligation, and without lawful ownership.

16. Both vehicles were continuously claimed as business assets by Boston Jeepz Inc. on federal tax filings, and represent the only remaining corporate assets following collapse.

17. Plaintiff remains the last surviving officer, director, and shareholder of Boston Jeepz Inc. with standing to assert claims on its behalf.

## IV. CAUSES OF ACTION

### Count I – Conversion

Defendant's post-relinquishment retention of corporate property constitutes unlawful conversion under both Florida and Massachusetts law.

### Count II – Constructive Trust

Defendant holds legal title solely as a nominal holder; equity demands the imposition of a constructive trust in favor of Boston Jeepz Inc.

### Count III – Declaratory Judgment

Plaintiff seeks judgment declaring corporate ownership of both vehicles and rejecting their classification as marital property.

### Count IV – Injunctive Relief

Plaintiff seeks emergency and permanent injunctive relief to prevent use, concealment, or further loss of corporate vehicles.

### Count V – Misappropriation of Trade Identity and IP

Defendant's possession of proprietary vehicles constitutes misappropriation of protected trade systems and commercial identity.

### Count VI – Equitable Estoppel

Defendant is estopped from asserting ownership due to prior communications, disclaimers, and non-response to formal notice.

### Count VII – Forensic Audit Reservation

Plaintiff reserves the right to compel audit of post-October 2024 transactions to uncover any unauthorized monetization or concealment.

### Count VIII – Predicate Communications

Plaintiff issued written demand and final communication to Cameron Freeman on November 25, 2024; Defendant failed to object or respond.

### Count IX – Fiduciary Standing and IRS Recognition

Plaintiff holds exclusive IRS-recognized fiduciary status per Rev. Rul. 2007-11 and is authorized to recover these assets.

### Count X – Corporate Survivorship and Fiduciary Exclusivity

Plaintiff re-alleges the preceding paragraphs. As the sole remaining officer, director, and shareholder of Boston Jeepz, Inc., Plaintiff possesses exclusive survivorship standing to control, liquidate, or reclaim corporate assets under M.G.L. c. 156D §§ 14.05–14.07 and applicable fiduciary law in Florida. Plaintiff also qualifies under federal fiduciary doctrine and IRS policy to act as custodian for recovery of corporate assets following collapse or dissolution.

## V. VEHICLE VALUATION

26. 2016 Jeep Wrangler JK ("Blue"): Valued at approximately $50,000 based on proprietary demonstrator upgrades.

27. 2021 Jeep Wrangler Rubicon ("REDD"): Valued at $68,200 with enhanced systems and active loan balance.

28. Combined demonstrator valuation: $118,200.

## VI. PRAYER FOR RELIEF

1. WHEREFORE, Plaintiff respectfully requests that this Court:

- Declare Boston Jeepz Inc. the beneficial owner of both demonstrator vehicles identified by VIN.
- Impose a constructive trust over said vehicles and their associated documentation.
- Enjoin Defendant from any use, concealment, sale, or dissipation of the vehicles.
- Compel the immediate return of all corporate and fiduciary-tagged assets.
- Award compensatory damages and preserve Plaintiff's IP rights.
- Enforce fiduciary closure consistent with IRS-recognized doctrines.
- Grant such further relief as this Court deems just and proper.

Respectfully submitted,

_____

David A. Freeman

9961 Indian Key Trail

Seminole, FL 33776

Pro Se Plaintiff and Fiduciary for Boston Jeepz Inc.

Dated: July 01, 2025